CAS/MSM: USAO 2026R00380

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 26-219-TDC |
| | * | |
| ALEXANDER DAVID GARAY, | * | (Production of Child Pornography, |
| | * | 18 U.S.C. § 2251(a); Forfeiture, |
| Defendant | * | 18 U.S.C. § 2253, 21 U.S.C. § 853(p), |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |
| | * | **UNDER SEAL** |
| | * | |

*******

## INDICTMENT

### COUNT ONE
### (Production of Child Pornography)

The Grand Jury for the District of Maryland charges that:

Between on or about May 7, 2025 and May 16, 2025, in the District of Maryland, the

defendant,

**ALEXANDER DAVID GARAY,**

did knowingly employ, use, persuade, induce, entice, or coerce Minor Victim 1 to engage in any

sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual

depiction of such conduct, and the defendant knew and had reason to know that such visual

depiction would be transported and transmitted using any means and facility of interstate and

foreign commerce and in and affecting interstate and foreign commerce; such visual depiction

was produced and transmitted using materials that have been mailed, shipped, and transported in

and affecting interstate and foreign commerce by any means, including by computer; and such

visual depiction was actually transported and transmitted using any means and facility of

interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a) and (e)

## COUNT TWO
**(Production of Child Pornography)**

The Grand Jury for the District of Maryland further charges that:

On or about April 14, 2025, in the District of Maryland, the defendant,

**ALEXANDER DAVID GARAY,**

did knowingly employ, use, persuade, induce, entice, or coerce Minor Victim 2 to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and the defendant knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce; such visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a) and (e)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under any of the offenses alleged in this Indictment.

### Child Pornography Forfeiture

2.      Pursuant to 18 U.S.C. § 2253(a), upon conviction of any of the offenses set forth in Counts One and Two of this Indictment, the defendant,

### ALEXANDER DAVID GARAY,

shall forfeit to the United States:

a.      Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

c.      Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property.

### Substitute Assets

3.      If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

4

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided

without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18

U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date 6/25/26

5